**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                 :
VICTORIA PIERSOL,                :     CIVIL ACTION NO. 06-6058 (MLC)
et al.,                          :
                                 :        MEMORANDUM OPINION
      Plaintiffs,                :
                                 :
      v.                         :
                                 :
UNITED STATES OF AMERICA,        :
et al.,                          :
                                 :
      Defendants.                :
                                 :
```

**COOPER, District Judge**

Plaintiffs – Victoria Piersol ("Piersol") and Kim Piersol – commenced proceedings against defendants – the United States of America, Max Spinner ("Spinner"), and Green Touch Landscaping and Lawn Maintenance Co., LLC. ("Green Touch") – to recover damages for injuries allegedly sustained by Piersol after a slip and fall at the Skillman, New Jersey United States Postal Service ("USPS") facility.  (See dkt. entry no. 38, 2d Am. Compl.)  Green Touch now moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure ("Rule") 56.  (Dkt. entry no. 56.) Spinner also moves separately for summary judgment in his favor, pursuant to Rule 56.  (Dkt. entry no. 59.)  The Court determines the separate motions on the papers and without an oral hearing, pursuant to Rule 78(b).  The Court, for the reasons stated herein, will grant both separate motions for summary judgment.

**BACKGROUND**

Spinner is the owner of property located at 950 Route 601, Skillman, New Jersey.  (Dkt. entry no. 59, Stockwell Certif., Ex. C, 7-9-08 Spinner Dep. at 10.)  Spinner, in 1975, leased the property to the USPS.  (Id.)  Since that time, the USPS has continuously operated a postal service facility on the property (the "Skillman USPS facility").  (Id. at 10-11; 2d Am. Compl. at 2.)  There are no other tenants on the property.  (Stockwell Certif., Ex. E, 7-9-08 Mercado Dep. at 28.)

The renewed lease (the "Lease") between Spinner and the USPS, entered into in October 2003, provides:

> The Lessor [Spinner] shall, except as otherwise specified herein and except for damage resulting from the negligence of the [USPS] agents or employees, maintain the demised premises, including the building and any and all equipment, fixtures, and appurtenances, whether severable or non-severable, furnished by the Lessor under this Lease, in good repair and tenantable condition.

(Stockwell Certif., Ex. D, Lease at 16.)  The Lease, however, further provides that the "[USPS] shall pay for power, heating fuel, water and sewerage services, trash and snow removal."  (Id. at 2.)

Plaintiffs allege "[a]s a result of the negligence of defendants and their failure to properly maintain the premises in safe order," Piersol was, inter alia, injured after slipping and falling on "black ice" in the parking lot of the Skillman USPS

2

facility on or about December 20, 2004.  (2d Am. Compl. at 2;
Skillman Certif., Ex. B, 7-9-08 Piersol Dep. at 14-17.)

Green Touch contracted with the Skillman USPS facility in
December 2004 to provide snow removal services for the facility's
parking lot.  (Dkt. entry no. 56, Green Touch Br. at 3-4.)  Green
Touch's proposal to provide such services to the Skillman USPS
facility, however, was not accepted until December 27, 2004.
(Id.; dkt. entry no. 56, Deer Certif., Ex. B, 7-9-08 Mercado Dep.
at 12-17.)  Green Touch now moves for summary judgment in its
favor, contending Green Touch was not under contract with the
USPS to provide snow or ice removal services on the date of
Piersol's alleged slip and fall.  (Green Touch Br. at 4.)

Spinner separately moves for summary judgment, arguing that
he is an "out of possession landlord" with no control over the
property, and the USPS is responsible for all snow and ice
removal.  (Dkt. entry no. 59, Spinner Br. at 5.)[1]

## DISCUSSION

### I.   Summary Judgment Standard

Rule 56(c) provides that summary judgment is proper "if the
pleadings, the discovery and disclosure materials on file, and
any affidavits show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a

_____

[1]  Plaintiffs' claims against the United States of America
were dismissed on July 7, 2008.  (Dkt. entry no. 53, 7-7-08 Stip.
of Dismissal.)  Spinner and Green Touch, however, appear to have
remaining claims against the United States of America and the USPS.

3

matter of law." Fed.R.Civ.P. 56(c).  The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must "set out specific facts showing a genuine issue for trial."  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48.  A fact is material only if it might affect the

4

action's outcome under governing law.  Id. at 248.  "[T]here is
no issue for trial unless there is sufficient evidence favoring
the nonmoving party for a jury to return a verdict for that
party.  If the evidence is merely colorable, or is not
significantly probative, summary judgment may be granted." Id. at
249-50 (internal citations omitted).

    A movant is not automatically entitled to summary judgment
simply because the non-movant fails to oppose the motion.
Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d
Cir. 1990).  Instead, Rule 56(e)(2) provides that the Court may
grant the unopposed motion "if appropriate."  Id.; Carp v.
Internal Rev. Serv., No. 00-5992, 2002 U.S. Dist. LEXIS 2921, at
*7 (D.N.J. Jan. 28, 2002) ("Even where the non-moving party has
failed to establish a triable issue of fact, summary judgment
will not be granted unless 'appropriate.'").  An unopposed motion
is appropriately granted when the movant is entitled to judgment
as a matter of law.  Anchorage Assocs., 922 F.2d at 175.

    "If the non-moving party fails to oppose the motion for
summary judgment by written objection, memorandum, affidavits and
other evidence, the Court 'will accept as true all material facts
set forth by the moving party with appropriate record support.'"
Carp, 2002 U.S. Dist. LEXIS 2921, at *6-*7 (citations omitted).
Further, even if a record contains facts that might provide
support for a non-movant's position, "the burden is on the [non-

movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." <u>Morris v. Orman</u>, No. 87-5149, 1989 U.S. Dist. LEXIS 1876, at *25-*26 (E.D. Pa. Mar. 1, 1989). Accordingly, when a plaintiff fails to respond to a defendant's motion for summary judgment, the Court need only examine the pleadings and any evidence attached to the defendant's motion. <u>Atkinson v. City of Phila.</u>, No. 99-1541, 2000 U.S. Dist. LEXIS 8500, at *7 (E.D. Pa. June 20, 2000).

## II.  Spinner's Motion

Spinner contends he is entitled to summary judgment in his favor because (1) plaintiffs cannot establish a prima facie case of negligence against him as he had no control over snow and ice removal at the Skillman USPS facility, and (2) he had no actual or constructive notice of any snow or ice condition on the date of the alleged slip and fall.  (Spinner Br. at 7-13.)

Plaintiffs, however, contend Spinner, as the landowner, maintained a non-delegable duty to protect invitees from known or reasonably discoverable dangers on his property, such as the ice that allegedly caused Piersol to slip and fall.  (Dkt. entry no. 60, Pl. Br. at 3.)  Plaintiffs argue Spinner did not relinquish control of the property because, <u>inter</u> <u>alia</u>, Spinner (1) undertook a duty ensure the premises are safe, (2) maintains responsibility for certain repairs, and (3) inspects the premises twice a year.

6

(Id. at 5.)  Plaintiffs assert Spinner was at the Skillman USPS
facility at some point during December 2004, and thus "a jury
might infer he was there on the date of the accident and failed
to notice the ice and advise the [USPS] or find a remedy
himself."  (Id.)

There is no dispute that New Jersey law applies here.  To
prevail on a claim for negligence under New Jersey law, plaintiffs
must establish the basic elements of the existence of a duty owed
by Spinner to Piersol, breach of the duty, and proximate cause of
harm by the breach.  Keith v. Truck Stops Corp. of Am., 909 F.2d
743, 745 (3d Cir. 1990); see Kolos v. United States, No. 06-4563,
2009 U.S. Dist. LEXIS 30996, at *6-*7 (D.N.J. Apr. 13, 2009).  A
duty of reasonable care is owed "to those who enter [a] premises
upon an invitation for business purposes to provide a reasonably
safe place to do that which is within the scope of the
invitation."  Keith, 909 F.2d at 745 (quotations and citations
omitted).  Spinner, in essence, argues that plaintiffs cannot
prevail on their claims against him because they cannot prove
Spinner owed Piersol a duty regarding the allegedly icy condition
of the parking lot on or about December 20, 2004.

New Jersey courts have held that a landowner is not liable
for personal injuries suffered by an invitee of a commercial
tenant due to lack of proper maintenance or repair when the lease
places responsibility for the maintenance or repair on the

tenant.  Cabrera v. Windmere Investors, No. A-5907-06T1, 2008 WL
2020304, at *1 (N.J. App. Div. May 13, 2008); McBride v. Port
Auth. of N.Y. & N.J., 685 A.2d 520, 520 (N.J. App. Div. 1996);
Milacci v. Mato Realty Co., 525 A.2d 1120, 1122 (N.J. App. Div.
1987) (rejecting proposition that landowner "had a non-delegable
duty to see that premises were in a safe condition" where "the
landowner ha[d] not been shown to have retained control of the
area").  Where the dangerous condition is obvious, and not due to
a latent condition, New Jersey courts, moreover, have found no
duty on the part of landowners that are not in control of the
premises.  See Cabrera, 2008 WL 2020304, at *1; Milacci, 525 A.2d
at 1122.

        The Court finds that Spinner did not retain control over the
snow or ice removal in the parking lot of the Skillman USPS
facility.  Both Spinner, the lessor, and the USPS, the lessee,
agree that the USPS was fully responsible for snow and ice removal.
(Stockwell Certif., Ex. C, Spinner Dep. at 15-16; Stockwell
Certif., Ex. E, Mercado Dep. at 26-28.)  The USPS contracted with
outside companies, such as Green Touch, for such services, and
Spinner was not involved at all with the contracts, and did not
play any role regarding such tasks.  (Stockwell Certif., Ex. F,
7-9-08 DiMeglio Dep. at 43; see Stockwell Certif., Ex. C, Spinner
Dep. at 15-16; Stockwell Certif., Ex. E, Mercado Dep. at 26-28.)
The Lease, moreover, specifically provides that the USPS "shall

pay for . . . snow removal." (Stockwell Certif., Ex. D, Lease at 2; see id. at 9-10, 16 (delegating specific duties to Spinner).) Cf. Kalar v. Zaia, 66 F.Supp.2d 359, 361 (N.D.N.Y. 1999) (finding it inconsequential that lease did not contain a provision indicating tenant was responsible for ice and snow removal as USPS employees testified they were responsible for such tasks).

Plaintiffs have made no showing to contradict the denials of the USPS or Spinner of any connection between Spinner and the snow and ice removal services.[2]  The condition, moreover, was not a latent condition that Spinner might have been required to disclose or repair according to the terms of the Lease.  As such, the Court will enter judgment in Spinner's favor.  See id.; Cabrera, 2008 WL 2020304, at *1 (granting summary judgment to landowner because evidence established plaintiff's slip and fall was due to a condition in a USPS facility parking lot that USPS, rather than landowner, was obligated to maintain, and "not due to latent condition that [landowner] might have been obligated to repair on notice from the USPS").

**III. Green Touch's Motion**

Green Touch contends that summary judgment in its favor is appropriate because, at the time of Piersol's alleged slip and

_____

[2]  Plaintiffs' reliance on Vasquez v. Mansol Realty Assocs., 655 A.2d 82 (N.J. App. Div. 1995), and Jackson v. K-Mart Corp., 442 A.2d 1087 (N.J. Super. 1981), is misplaced as those cases apply to public sidewalks and have no application here.  Cabrera, 2008 WL 2020304, at *1.

fall, it had not yet been awarded the snow and ice removal contract by the USPS.  (Green Touch Br. at 3-4.)   The USPS does not dispute that Green Touch was not contractually bound to perform its snow and ice removal services until December 27, 2004, approximately one week after Piersol's slip and fall. (Deer Certif., Ex. B, Mercado Dep. at 12-16.)  Plaintiffs, moreover, have not submitted any objections, memoranda, affidavits, or other documents in opposition Green Touch's motion for summary judgment.  The Court thus finds that entering summary judgment in favor of Green Touch is "appropriate" because Green Touch owed no duty of care to Piersol at the time of her alleged slip and fall.  See Keith, 909 F.2d at 745; Anchorage Assocs., 922 F.2d 168 at 175.

CONCLUSION

For the reasons stated supra, the Court will grant (1) Green Touch's motion for summary judgment in its favor, and (2) Spinner's separate motion for summary judgment is his favor.  The Court will issue an appropriate Order and Judgment.


                              s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:    July 10, 2009

10